IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| YVETTA MASSEY, | ) | |
| *Plaintiff*, | ) ) | No. 17 C 2253 |
| v. | ) ) | Judge Virginia M. Kendall |
| CHURCHVIEW SUPPORTIVE LIVING, INC., et al., | ) ) ) | |
| *Defendants*. | ) ) ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Yvetta Massey filed suit against Defendants Churchview Supportive Living, Inc., Gardant Management Solutions, Inc., and Kenyatta Bell alleging violations of the Rehabilitation Act,[1] the Americans with Disabilities Act ("ADA"),[2] and state law claims of Intentional Infliction of Emotional Distress and Negligent Infliction of Emotional Distress. Defendants each filed a Motion to Dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) regarding the state tort claims. Gardant's motion also seeks dismissal of the Rehabilitation Act and ADA claims under Fed. R. Civ. P. 12(b)(1) for failure to allege a necessary element, or Rule 12(b)(6) for failure to state a claim upon which relief may be granted. The Motions to dismiss are granted for the following reasons. [Dkt. Nos. 17, 23, 24.]

## BACKGROUND

The following facts are set forth in Massey's Complaint and are accepted as true for the purpose of reviewing the Motions to dismiss.

---

[1] 29 U.S.C. § 794.
[2] 42 U.S.C. §12101.

1

From March 3 to November 11, 2015, Yvetta Massey worked as the Director of Nursing at Churchview Supportive Living, which provides affordable assisted living facilities to the elderly in the Chicago area. (Dkt. No. 1, ¶¶ 1-2, 8, 16.) Massey suffers from a rare condition known as Nesidioblastosis that requires her to eat every two hours. (*Id*. ¶¶ 10-11.) Massey's employers knew of this condition and the need for a workplace accommodation. (*Id*. ¶ 13.) During the approximately nine months Massey worked at Churchview she was absent for about sixty-two work days. (*Id.*, at Exs. A, C.)

As a result of the various absences, Churchview issued warnings – one verbally in July, and one in writing in August – to Massey regarding her extended periods of time away from work. (*Id.* ¶¶ 14-15). Finally, on November 11, 2015, Churchview terminated Massey over the phone and followed up with a written letter a day later informing her of the same. (*Id*. ¶ 16.)

In response, on January 8, 2016, Massey filed a charge with the Equal Employment Opportunity Commission ("E.E.O.C.") alleging employment discrimination based on her disability. (*Id.* Ex. D.) The charge names Churchview Supportive Living as her employer and indicates that the discrimination was in violation of the Americans with Disabilities Act of 1990. (*Id*.) In December 2016, the E.E.O.C. informed Massey that they were unable to conclude there was any violation of the ADA based on the information she provided. (*Id*. Ex. E.) The dismissal also served as Massey's notice of her "right-to-sue" within 90 days. (Id.)

Massey filed this case on March 23, 2017, alleging ten claims against the Defendants. Counts I through IV are Rehabilitation Act and ADA claims levied against Defendants Churchview and Gardant for employment discrimination based on Massey's disability. (*Id*. ¶¶ 39, 45, 55, 61.) Counts V through X are IIED and NIED claims against Churchview, Gardant, and Kenyatta Bell.

## **LEGAL STANDARD**

In lieu of a responsive pleading, a party may file a motion to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The reviewing Court must accept as true all of the facts set forth in the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 572 (2007). In order to survive a motion to dismiss, the factual allegations set forth in the complaint, accepted as true, must "state a claim to relief that is plausible on its face," thereby allowing "the court to draw the reasonable inference that the defendant is liable." *Park Pet Shop, Inc. v. City of Chicago*, No. 15-3711, 2017 WL 4173707, at *2 (7th Cir. Sept. 21, 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court may also consider exhibits that are attached in support of the complaint that pertain to facts set forth within the pleading. *Thompson v. Illinois Dept. of Professional Regulation*, 300 F.3d 750, 754 (7th Cir. 2002).

## **DISCUSSION**

### **I. Massey's IIED and NIED Claims Are Voluntarily Dismissed**

Massey's Complaint alleges IIED and NIED claims against all three Defendants separately. (Dkt. Nos. 1, ¶¶ 65, 69, 73, 77, 81, 85.) The counts were premised on allegations that the Defendants "humiliated," "belittled," and "bullied," Massey throughout various times of her employment and also while trying to get her to voluntarily resign. (Id. ¶ 28.) Massey claims that these actions were "extreme and outrageous," and caused her "severe and significant emotional distress" with physical manifestations of this in the form of "stress, anxiety, migraines, nausea, and difficulty sleeping[.]" (Id. ¶¶ 64-65, 72-73, 80-81.) All three Defendants seek dismissal of the IIED claims arguing that Massey's allegations are conclusory and fall well short of the demanding standard under Illinois law. (Dkt. 17, 22, 24.)

The Court needn't address these counts because Massey voluntarily moves to dismiss all six state tort counts in her responses to Defendants' motions to dismiss. (Dkt. 27-29.) Massey

3

further requests leave to file an Amended Complaint within fourteen days.[3] The Court construes this as a request for Leave to File an Amended Complaint. Accordingly, Counts V, VI, VII, VIII, IX and X are dismissed without prejudice. Massey's is permitted fourteen (14) days from the date of this order to file an Amended Complaint.

**II. Massey's Rehabilitation Act Claims Are Dismissed for Failure to Plead a Necessary Element**

Success on a claim of discrimination under the Rehabilitation Act requires a plaintiff to demonstrate that: (1) she is disabled as defined by the Act; (2) she is otherwise qualified for the position sought; (3) she has been excluded from the position solely because of her disability; and (4) the position exists as a part of a program or activity receiving federal financial assistance. *Burks v. Wisconsin Dept. of Transp.*, 464 F.3d 744, 755 (7th Cir. 2006). As to the fourth element, the Act's language limits the ban on discrimination to the specific program (or programs) receiving the federal funds. *Consol. Rail Corp. v. Darrone*, 465 U.S. 624, 636 (1984). Gardant argues that Massey fails to allege the fourth element because Massey's position as the Director of Nursing did not exist as a "part of a program or activity receiving federal financial assistance." Massey responds that she should be permitted to file an amended complaint that will "more clearly state that her position was funded by federal financial assistance," and thus satisfies the specific program or activity element for the purposes of the Act. (Dkt. No. 28, at 5.)

Gardant correctly notes that the Rehabilitation Act requires program-specific federal funding and that there must be some type of connection between the plaintiff's employment and the narrowly defined program or activity receiving federal financial assistance. *Foss v. City of Chicago*, 817 F.2d 34, 35 (7th Cir. 1987). Sometimes Congress will clearly identify the funding within a grant statute when funding certain programs and activities; whereas at other

---

[3] The Court struck a previously filed "Complaint" as an improperly filed Amended Complaint and instructed Massey that any future attempt to file an Amended Complaint requires leave of the Court. (Dkt. No. 20.)

times, non-earmarked funds may require a more difficult analysis that involves defining the nature of the grant and looking at how the funds are used. *Id.* Using either approach, it is safe to say that Massey does not provide enough in her Complaint to satisfy the fourth element under the Act. Her allegations simply state that Gardant receives federal funding, and that its operation of the assisted living facility constitutes a program or activity. (Dkt. No. 1, ¶¶ 50-51.) The Complaint does not identify the type of federal funding, or the purpose of said funding, nor does Massey provide any additional detail as to how the facility or her specific employment at the facility constitutes a program or activity.

As Massey requested Leave to File an Amended Complaint, which the Court grants with respect to the IIED and NIED counts, she may also amend the Complaint to address the insufficiency of her Rehabilitation Act counts as well.

### III. Massey's ADA Claim Against Gardant Is Dismissed For Failure to Exhaust Administrative Remedies

To succeed on her ADA claim Massey must show that: (1) [s]he is disabled under the ADA; (2) [s]he was meeting [the] employer's legitimate employment expectations; (3) [s]he suffered an adverse employment action; and that (4) [s]he received less favorable treatment compared to similarly situated employees without a disability. *Dickerson v. Bd. of Trustees of Cmty. Coll. Dist. No. 522*, 657 F.3d 595, 601 (7th Cir. 2011). Like lawsuits filed pursuant to Title VII of the Civil Rights Act and the ADEA, a plaintiff must first exhaust her administrative remedies before filing a civil suit under the ADA. *Gogos v. AMS Mechanical Systems, Inc.*, 737 F.3d 1170, 1172 (7th Cir. 2013). Therefore, "before filing the civil suit… [the] claimant must file a timely E.E.O.C. charge and receive a right-to-sue letter." *Houston EEOC v. Harris Chernin, Inc.*, 185 F.3d 837, 838-39 (7th Cir. 1999); *see also E.E.O.C. v. Harris Chernin, Inc.*,

10 F.3d 1286, 1289 n.3 (7th Cir. 1993); *Freeman v. Travelers Companies, Inc.*, 63 F.Supp. 3d 867, 871 (N.D. Ill. 2014).

Additionally, a plaintiff who fails to name a particular defendant in an E.E.O.C. charge is generally prohibited from naming that same defendant in a subsequent civil suit. *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, U.A.*, 657 F.2d 890, 905 (7th Cir. 1981);[4] *see also Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013). There are limited exceptions to this rule, such as where the plaintiff can prove that an unnamed defendant "has been provided with adequate notice of the [E.E.O.C.] charge," and where "that party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance." *Eggleston*, 657 F.2d at 905. But for this exception, for the E.E.O.C. to apply to a claim, the charge must, "at minimum, describe the same conduct and implicate the same individuals." *Reynolds v. Tangherlini*, 737 F.3d 1093, 1100 (7th Cir. 2013).

Massey's Complaint details her administrative process with the E.E.O.C. The Complaint includes the January 8, 2016, E.E.O.C. charge filed by Massey against Churchview, (Dkt. No. 1, Ex. E), as well as the December 21, 2016, dismissal and right-to-sue letter from the E.E.O.C. (*Id*. Ex. E.) It is clear from these supporting exhibits that Massey's administrative action filed before the E.E.O.C. sought a discrimination complaint against Churchview. However Gardant is not listed anywhere on the charge form, nor is Gardant identified on the right-to-sue letter from the E.E.O.C. (*Id.* Ex. D.) Based on the Complaint and the attached exhibits, Massey fails to show that she has exhausted her administrative remedies by filing an E.E.O.C. charge against Gardant. As such, the discrimination claim filed pursuant to the ADA against Gardant is

---

[4] The Court acknowledges that many of the cases cited consider suits filed pursuant to Title VII of the Civil Rights Act, but 42 U.S.C. § 12117 explicitly ascribes the same enforcement procedures to suits filed under the ADA and so the same requirements that a claimant first exhaust administrative remedies apply.

dismissed without prejudice. The claim may be refiled in the Amended Complaint assuming Massey can satisfy the required showing of administrative exhaustion necessary against Gardant.

## CONCLUSION

For the reasons stated above, the Court grants the Defendants' Motions to dismiss. Counts V through X of the Plaintiffs Complaint are dismissed without prejudice. [Dkt. Nos. 17, 23, 24.] The Court further grants Massey's request, located in her responsive pleadings, for Leave to File an Amended Complaint within 14 days of this order. [Dkt. Nos. 28, 29.]Any Amended Complaint shall be filed on or before 10/26/17. Failure to file an Amended Complaint by that date may result in the dismissal of the case for want of prosecution.

Furthermore, the Court grants Defendant Gardant's motion to dismiss Counts III and IV of Plaintiff's Complaint. Barring the filing of an Amended complaint, the only remaining counts are the Rehabilitation Act and ADA claims (Counts I and II) against Churchview. [Dkt. No. 23.]

_____
Hon. Virginia M. Kendall
United States District Judge

Date: October 12, 2017